**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5067

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLARENCE DAILY COUNCIL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (7:06-cr-00023-H)

Submitted: April 26, 2007          Decided: April 30, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Daily Council, Jr., pled guilty to interference with commerce by robbery (Count 1), in violation of 18 U.S.C. § 1951 (2000), brandishing a firearm in furtherance of a crime of violence (Count 2), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2006), and possessing a firearm after previously being convicted of a felony (Count 3), in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Council to concurrent forty-one-month terms of imprisonment on Counts 1 and 3 and a consecutive eighty-four-month term on Count 2. Council appeals his sentence on Counts 1 and 3, contending that the district court violated his Sixth Amendment rights by sentencing him under a de facto mandatory guidelines scheme and that the court failed to consider adequately the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Finding no reversible error, we affirm.

Because Council did not challenge in the district court his sentence on Sixth Amendment grounds, this court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547-48, 555 (4th Cir. 2005) (discussing standard). After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant

factors under the guidelines and 18 U.S.C.A. § 3553(a). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). We will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Council post-<u>Booker</u> and appropriately treated the properly calculated guidelines range as advisory. The district court then considered that range along with the factors in § 3553(a), taking into account the violence involved in the robbery and Council's arguments about his employment history, family circumstances, and prior marijuana abuse. The district court ultimately imposed a sentence at the low end of the advisory guideline range on Counts 1 and 3. Nothing in the record demonstrates that Council has rebutted the presumption of reasonableness. We therefore find that the sentence imposed by the district court is reasonable.

Accordingly, we affirm Council's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>